## EL PUEBLO *v.* SANJURJO.

APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 367.—Resuelto en noviembre 10, 1911.

DERECHO PENAL—COSTAS—RESPONSABILIDAD DE FIADORES—GASTOS DE VIAJE Y DIETAS DE LOS TESTIGOS.—El artículo 271 del Código de Enjuiciamiento Criminal no ha sido derogado por la ley de marzo 10, 1904, página 113, y de acuerdo con sus preceptos la partida de gastos de viaje y dietas de testigos es tasable como costas y los fiadores de un acusado son responsables de su pago.

ID.—ABOGADOS FIADORES DE SUS CLIENTES.—Es una mala práctica el que los abogados se constituyan en fiadores de sus clientes y les está prohibido por la regla 13 de las cortes de distrito la cual debe hacerse cumplir estrictamente.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Manuel A. Rivera.*

Abogado del apelado: *Sr. Jesús M. Rossy, Fiscal.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

Este es un caso que envuelve la responsabilidad de un fiador con motivo de la fianza prestada por el acusado al establecer la apelación, para pagar las costas del proceso al dictarse contra el principal un fallo de culpabilidad. Los hechos pueden suscintamente consignarse como sigue:

El 19 de enero de 1911 tuvo lugar ante la Corte de Distrito de Ponce la vista de la causa contra Fermín Sanjurjo, en apelación procedente de la corte municipal de Coamo. Terminada la vista se declaró culpable al acusado del delito que se le había imputado y se le condenó a tres meses de cárcel y al pago de las costas. El acusado cumplió la condena, y el 13 de junio de 1911 se le notificó por el secretario de dicha corte de distrito de que se debía al Gobierno la cuenta de las costas que ascendían a $43.15. El mismo día y por medio de su abogado impugnó la siguiente partida contenida en dicha cuenta: "Pago de testigos del juicio, según nómina, $37.90" fundando

su impugnación en que la tasación de costas había sido hecha de acuerdo con el artículo 58 del Código de Enjuiciamiento Criminal, no habiendo sido incluída dicha partida en el mencionado artículo del estatuto. Al día siguiente el juez denegó la moción del acusado, basando su decisión en que dicha tasación no había sido hecha de acuerdo con el artículo 58 arriba mencionado, sino de acuerdo con el artículo 271 del Código referido; habiendo apelado el acusado oportunamente contra dicha orden.

La corte sentenciadora al emitir su decisión, dictó la siguiente resolución:

"Resolución de la Corte.—Corte de Distrito del Distrito Judicial de Ponce, P. R. *El Pueblo de Puerto Rico* v. *Fermín Sanjurjo,* Infracción al artículo 438 del Código Penal. Resolución. *Por cuanto* a los efectos de la apelación interpuesta en este caso que procede en apelación de la corte municipal de Coamo, prestaron fianza por el acusado los señores José R. Larrauri y Manuel A. Rivera, a favor de El Pueblo de Puerto Rico, de conformidad con los artículos 375, 388 y 389 del Código de Enjuiciamiento Criminal, declarando los fiadores bajo juramento someterse a las condiciones que en la misma se determinan, y en cuyo final dice: " * * * *; y asimismo y en todo caso nos obligamos a pagar a El Pueblo de Puerto Rico todas las costas causadas por el susodicho sentenciado en ambas instancias"; *Por cuanto,* en 19 de enero de 1911 esta corte de distrito declaró a Fermín Sanjurjo, en vista de la prueba producida en juicio, convicto del delito de hurto de menor cuantía, en este caso; *Por cuanto,* habiendo el acusado pedido que se dictare sentencia el mismo día, la corte la pronunció, condenándole a la pena de tres meses de cárcel, en la cárcel común de este distrito, y al pago de las costas causadas; *Por cuanto,* el acusado, que no apeló de esta sentencia, extinguiendo la condena impuéstale, no satisfizo las costas originadas; *Por cuanto,* tasadas dichas costas por la secretaría de la corte, montantes a cuarenta y tres dollars quince centavos, fueron los fiadores requeridos para el pago de las mismas; *Por cuanto,* una de las partidas incluídas en la tasación se refiere al día y millaje que, según nómina, se pagó a los testigos de cargo en este caso; *Por cuanto,* uno de los fiadores, el Sr. Manuel A. Rivera, presenta moción a la corte, fechada en trece de junio corriente, oponiéndose a la referida partida de *pago de testigos* del juicio, según nómina, montante a $37.90, y solicitando sea eliminada del cobro, fundándose en que la partida im-

pugnada no figura entre las que contiene el arancel a que se refiere el artículo 58 del Código de Enjuiciamiento Criminal; *Por cuanto,* el artículo 58 citado se refiere a las costas causadas en las cortes inferiores a las de distrito; *Por cuanto,* el artículo 271 del mismo Código de Enjuiciamiento Criminal determina las costas que deberán tasarse al acusado en las causas criminales, y en su primera partida dice: "Derechos a los testigos de cargo a razón de 50 centavos por día y diez centavos por milla recorrida, para ir al tribunal y regresar, si la distancia excediese de tres millas." De donde resulta que la partida impugnada ha sido incluída en la tasación, en conformidad con el último artículo citado, 271 del Código de Enjuiciamiento Criminal; *Por tanto,* la corte deniega la moción presentada en que se impugna la ya mencionada partida de costas por testigos, y se solicita sea eliminada del cobro que se le hace al recurrente. Notifíquese y procédase como corresponda. Dada en la ciudad de Ponce, P. R., a 14 de junio de 1911. Charles E. Foote, District Judge."

Muy bien podríamos adoptar esta resolución como el dictamen de este tribunal, mas quizas conviene que añadamos algunas observaciones.

El apelante, que lo es en realidad el Sr. Manuel A. Rivera, abogado del acusado, y quien se constituyó en fiador, sostiene que los artículos 58 y 271 del Código de Enjuiciamiento Criminal fueron derogados por la ley de la Asamblea Legislativa aprobada el 10 de marzo de 1904 (Leyes de 1904, págs. 113-117). Esa ley se titula "Ley referente a los derechos y compensación de ciertos funcionarios." No tuvo por objeto afectar el pago de testigos, o su derecho de peaje por milla y dietas, y por lo tanto no deroga el primer apartado, a lo menos, del artículo 271 del Código de Enjuiciamiento Criminal. En cuanto a los otros apartados de este artículo no es necesario decir nada pues no están envueltos en este caso. La partida de $37.90 por pago de testigos fué la única controvertida en la corte inferior, y esto es lo único que se nos ha sometido en esta apelación.

Claramente se ve que el artículo 58 del Código de Enjuiciamiento Criminal se refiere a las costas en las cortes de los jueces de paz en las cortes municipales, mientras que el ar-

tículo 271 del mismo Código trata de las costas en las cortes de distrito. No hay contradicción entre los mismos.

El fiador expresa también que las condiciones de la fianza no le obligan a pagar las costas y sí solamente a responder de la comparecencia del acusado. La fianza no consta en los autos y por lo tanto no podemos tomar este punto en consideración. Se presume que la corte en este particular procedió debidamente; y se declara procedente lo manifestado en la resolución de que los fiadores se obligaron a pagar las costas.

Es una mala práctica el que los abogados se constituyan en fiadores de sus clientes y les está prohibido por la regla 13 de las cortes de distrito, la que debía hacerse cumplir estrictamente.

Puesto que el apartado primero del artículo 271 del Código de Enjuiciamiento Criminal está vigente y la corte sentenciadora procedió de acuerdo con dicho artículo, su resolución al denegar la moción para eliminar el pago de testigos de la tasación de costas es correcta y debe confirmarse.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.